UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:21-cr-684 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JOSHUA FORTSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Joshua Fortson ("Fortson") seeks a ruling from the Court *in limine* to exclude all references to utility bills in his father's name for the residence at 960 Snowfall Spur, Unit B, Akron, Ohio, 44313 (the "residence"). (Doc. No. 54 (Motion).) Plaintiff United States of America (the "government") opposes Fortson's motion. (Doc. No. 59 (Opposition).) For the reasons discussed below, Fortson's motion is denied.

I. **BACKGROUND**

In his motion *in limine*, Fortson contends that "any and all reference to utility bills in [Fortson's] father's name for the [residence]" should be excluded because such references are not relevant and the probative value of the evidence is substantially outweighed by unfair prejudice, confusing the issues, and misleading the jury. (Doc. No. 54, at 1–4.[1]) The government disagrees. (Doc. No. 59.) First, the government argues that the utility bills in Fortson's father's name are relevant because "the evidence lends itself to the inference that Fortson lived" at the residence. (*Id*.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

at 5.) According to the government, this inference would help establish a required element to its possession charge: that Fortson "had the right to exercise physical control" over the contraband seized at the residence on March 6, 2019 (*i.e.*, illegal drugs and a firearm). (*See id*. at 4–5.) Additionally, the government contends that Fortson's decision to place the residence's utility bills in his father's name, as opposed to his own, is "probative of knowledge of wrongdoing and the specific intent to conceal [Fortson's] criminal activity from law enforcement." (*Id*. at 5–6.)

Second, the government contends that probative value is not outweighed by unfair prejudice, confusing the issues, or misleading the jury. (*Id*. at 6.) The government argues that other explanations for Fortson's father being listed on the utility bills can be presented to the jury and that "[t]he evidence is not unfairly prejudicial simply because it may prove Fortson's guilt." (*Id*.) The Court will address each argument in turn.

## II. MOTION *IN LIMINE*

Although not explicitly authorized by the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, the practice of ruling on motions *in limine* "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). Motions *in limine* allow the court to rule on evidentiary issues prior to trial in order to avoid delay and to allow parties to focus remaining time on issues that will in fact be considered by the jury. *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999); *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Courts should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible. *See Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Further, *in limine* rulings are preliminary, and the district court may change its ruling at trial for any reason it

deems appropriate. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

All relevant evidence is admissible and evidence that is not relevant is not admissible. Fed. R. Evid. 402. "Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The relevancy standard is liberal. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Relevant evidence, however, may be excluded if its "probative value is substantially outweighed by a danger of one of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[A] defendant raising a Rule 403 argument must establish 'unfair' prejudice, not mere prejudice." *U.S. v. Talley*, 164 F.3d 989, 1000 (6th Cir. 1999) (citing *Robinson v. Runyon*, 149 F.3d 507, 514–15 (6th Cir. 1998); *U.S. v. Vance*, 871 F.2d 572, 576–77 (6th Cir. 1989).).

Here, the utility bills from the residence in Fortson's father's name are relevant. As the government correctly points out (Doc. No. 59, at 5), Fortson's father being listed on the utility bills for the residence has a tendency to make it more likely that Fortson lived at, or at least frequently visited, the residence. This fact is of consequence in the present case because if Fortson lived at the residence, it is more likely that Fortson had a right to exercise physical control over the objects found within the residence, including the contraband discovered by police during the search conducted on March 6, 2019. Fortson's arguments for this evidence being not relevant fail.

For similar reasons, and contrary to Fortson's arguments (Doc. No. 54, at 4), the utility bills in Fortson's father's name are also probative. The residence's utility bills in Fortson's father's name help establish a connection between Fortson and the residence beyond that of an unlucky

visitor in the wrong place at the wrong time. Even Fortson seems to concede that the utility bills create an inference that Fortson resided at the Snowfall address. (*See* Doc. No. 54, at 2.) Any evidence which illuminates Fortson's relationship with the residence may be helpful to the jurors as they inquire into Fortson's relationship to the seized contraband found within the residence. It would be a natural and reasonable inference for the jury to determine that the more permanent of a connection Fortson had to the residence, the more likely it is that he had the right to exercise physical control over the items within the residence, including the seized contraband. To the extent that the utility bills may be probative of other inferences—such as Fortson's girlfriend's connection to the residence, which Fortson suggests in his motion (*see id*.)—that possibility does not detract from the evidence's probative value of this inference.

Finally, the utility bills in Fortson's father's name do not present any legally significant amount of unfair prejudice, they will not confuse the issues, and they will not mislead the jury. As to unfair prejudice, the utilities bills in question do not "tend[] to suggest decision on an improper basis." *United States v. Peete*, 781 F. App'x 427, 437 (6th Cir. 2019) (quoting *United States v. Houston*, 813 F.3d 282, 291 (6th Cir. 2016)). Perhaps for this reason, Fortson's only argument supporting this assertion is that "there are multiple other explanations that would be just as likely for a utility [bill] to be in his father's name[.]" (Doc. No. 54, at 4.) This much may be true. But it does not follow that the utility bills are inadmissible. Instead, in light of this alleged factual ambiguity, Fortson may offer his alternative theories to the jury, so long as his presentation abides by the Federal Rules of Evidence. This will not confuse the issues in this case, nor will it mislead the jury.

Fortson failed to show that the utility bills in his father's name are "clearly inadmissible" and, thus, his motion fails.

### III. CONCLUSION

For the foregoing reasons, Johnson's motion *in limine* is DENIED.

**IT IS SO ORDERED**.

Dated: November 2, 2023

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**